# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELVIS WELLS, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68242

**FILED**

MAY 09 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, conspiracy to commit burglary, burglary while in possession of a firearm, assault with a deadly weapon, and attempted robbery with use of a deadly weapon. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant contends that the district court erred when it admitted into evidence a still photograph taken from a surveillance video after the court had previously excluded the surveillance video because of its late disclosure. Appellant specifically argues that the statement made by his codefendant's counsel in her opening statement could not open the door to the inadmissible evidence because opening statements are not evidence. Because the opening statement may have cast doubt as to whether a gun was pointed in a victim's face, the district court did not abuse its discretion in admitting a still photograph from the surveillance video that demonstrated a gun was pointed in the victim's face. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) ("We review a district court's decision to admit or exclude evidence for an abuse of discretion."); *see also Cordova v. State*, 116 Nev. 664, 670, 6 P.3d 481, 485 (2000) (explaining that a defendant may open the door, permitting the

16-14384

State to introduce evidence that it could not otherwise offer); *Bergeron v. State*, 913 So. 2d 997, 1002 (Miss. Ct. App. 2005) (providing that "the defendant may 'open the door' by mentioning during opening statements the evidence which they are seeking to be excluded from the prosecution's case-in-chief, thus giving the prosecution the opportunity to incorporate the evidence into its case-in-chief").

Appellant also argues that the district court abused its discretion by giving the jury a flight instruction over his objection because there was insufficient evidence of flight. "[A] district court may properly give a flight instruction if the State presents evidence of flight and the record supports the conclusion that the defendant fled with consciousness of guilt and to evade arrest." *Rosky v. State*, 121 Nev. 184, 199, 111 P.3d 690, 699-700 (2005). While we review the district court's decision to issue a jury instruction for an abuse of discretion, *Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009), "[b]ecause of the possibility of undue influence by [a flight] instruction, this court carefully scrutinizes the record to determine if the evidence actually warranted the instruction," *Weber v. State*, 121 Nev. 554, 582, 119 P.3d 107, 126 (2005).

The record demonstrates that there was evidence sufficient to support at least an inference that appellant fled. Evidence was admitted that appellant drove away from the area where the crime had occurred without turning on his headlights. The officer who pulled appellant over testified that he had to prompt appellant to pull over using his loudspeaker multiple times before appellant complied, and that while appellant had opportunities to pull over he took a longer-than-normal time to do so. Additionally, appellant's codefendant was riding in the backseat, which had access to the trunk that could not be opened from the outside,

and evidence of the crime, including the gun, was located in the trunk of the car. Therefore, the district court did not abuse its discretion by issuing the flight instruction to the jury. *Ouanbengboune*, 125 Nev. at 774, 220 P.3d at 1129. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       Law Office of Benjamin Nadig, Chtd.
       Nguyen & Lay
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk